The opinion of the Court was delivered by
WardlaV, J.
The Act of 1853, (12 Stat. 298,) is inapplicable to this case, for the testator here died before that Act was passed. In case of great doubt the expression of the legislative desire might incline the balance, but neither did the Legislature intend to give, nor could the Court constitutionally give a retro-active operation to the Act. The hope that such cases will be prevented by the Act from troubling the Court so frequently hereafter, as they have heretofore done, as well as the ample discussions given to the subject in cases to be found in our reports, render any enlarged observations upon this case unnecessary; — but they have not prevented its careful examination. Referring to Carr vs. Porter, 1 McC. Ch. 60; Mazyck vs. Vanderhorst, Bail. Eq. 48, and the many cases which may be found cited in those, we merely express now our unhesitating opinion, that Frances Linam took in the land in question a fee-simple, which the testator desired to make subject to an executory devise: — that the contingency upon which the executory devise was made to depend was the indefinite failure of the heirs of her body: that such contingency is too remote, as it may not have happened within the prescribed period of a life or lives in being and twenty-one years afterwards: and of course that the fee devised to her was absolute. ,
The only circumstances suggested to restrain the generality of the expression “ die without heirs of her body,” are first, that the limitation over was to persons in esse, (if indeed “ her sister Judith’s children” were in esse at the making of he will or even at Frances’s death) — and, second, that the *491 land was to “ descend” to tbem in common. These circumstances were considered in Lyon vs. Norwood, 8 Rich. 307, and the first and most material of them in Carr vs. Porter: and in these cases and others to which they refer, were held insufficient.
. It appears to the Court that the plaintiffs have shown no title to the land in question; and the verdict is set aside, and a new trial ordered.
Motion granted.
Glover and MuNRO, JJ., concurred.